**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**November 21, 2023**

**Christopher M. Wolpert**
**Clerk of Court**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

GEORGE DANIEL NITCHMAN,

    Defendant - Appellant.

No. 23-8047
(D.C. No. 1:22-CR-00080-SWS-1)
(D. Wyo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HOLMES**, Chief Judge, **PHILLIPS**, and **EID**, Circuit Judges.
_____

George Daniel Nitchman pleaded guilty to possession of more than 50 grams

of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A), and

received a 110-month prison sentence.  He has appealed from that sentence.  His plea

agreement contains an appeal waiver, which the government now seeks to enforce

under _United States v. Hahn_, 359 F.3d 1315, 1328 (10th Cir. 2004) (en banc)

(per curiam).  Mr. Nitchman's counsel responds that he is not aware of any

non-frivolous argument for overcoming the waiver, and he has moved to withdraw.

_See Anders v. California_, 386 U.S. 738, 744 (1967).

---

[*] This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

By letter dated September 27, 2023, this court gave Mr. Nitchman until October 18, 2023, to file a pro se response, if desired. *See Anders*, 386 U.S. at 744 ("A copy of counsel's brief should be furnished the indigent and time allowed him to raise any points that he chooses . . . ."). He filed nothing by that date, so the court issued a deficiency notice and directed Mr. Nitchman to file a response by November 2. His response was received on November 7. Despite its having been filed late, we will consider Mr. Nitchman's response as we make "a full examination of all the proceedings[] to decide whether [opposition to the government's motion] is wholly frivolous." *Id.*

In evaluating a motion to enforce an appellate waiver, we consider: "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *Hahn*, 359 F.3d at 1325.

The record shows that each of these factors is satisfied. First, Mr. Nitchman's appeal is within the scope of the waiver. On appeal, he seeks to challenge the base offense level the district court used to determine the applicable Sentencing Guidelines range. Pro Se Resp. at 1. But the plea agreement stated that Mr. Nitchman waived his right to appeal, among other things, "any matter in connection with . . . the components of his sentence," unless his sentence exceeded

2

the applicable advisory Sentencing Guidelines range.[1]  Mot. to Enforce at 3.  Because

Mr. Nitchman's sentence was well within the advisory Guidelines range, he has

waived the right to challenge it.

Second, the plea agreement clearly sets forth that the waiver was knowing and

voluntary, and during the change of plea hearing the district court confirmed

Mr. Nitchman's understanding that his guilty plea would result in his waiving his

appellate rights.  *See Hahn*, 359 F.3d at 1325 (on second factor, the court looks to

whether the plea agreement states the waiver was knowing and voluntary and whether

there was a sufficient Federal Rule of Criminal Procedure 11 colloquy).  Mr. Nitchman

does not argue otherwise.  *See United States v. Porter*, 405 F.3d 1136, 1143

(10th Cir. 2005) (where defendant does not contest the district court's determination

that he knowingly and voluntarily waived his appellate rights, the court need not

address the issue).

Finally, we see no risk of a miscarriage of justice if the appellate waiver is

enforced.  A miscarriage of justice occurs only:

> [1] where the district court relied on an impermissible factor such as
> race, [2] where ineffective assistance of counsel in connection with the
> negotiation of the waiver renders the waiver invalid, [3] where the
> sentence exceeds the statutory maximum, or [4] where the waiver is
> otherwise unlawful.

---

[1] The waiver also contemplated that Mr. Nitchman could raise claims of ineffective assistance of counsel or prosecutorial misconduct under 28 U.S.C. § 2255, or seek a sentence reduction under 18 U.S.C. § 3582(c).  These exceptions do not apply here.  Mr. Nitchman's response indicates that he believes his attorney provided ineffective assistance, but such "claims should be brought in collateral proceedings, not on direct appeal." *United States v. Galloway*, 56 F.3d 1239, 1240 (10th Cir. 1995).

*Hahn*, 359 F.3d at 1327 (internal quotation marks omitted). None of these situations is applicable. First, there is no evidence that Mr. Nitchman's race or another impermissible factor had anything to do with his sentence. Second, although Mr. Nitchman has complained about his counsel's performance, nothing at this stage of the proceedings indicates he received ineffective assistance in connection with the negotiation of the waiver. Indeed, under the original charges Mr. Nitchman faced a possible sentence of up to 40 years, but his counsel negotiated a plea deal resulting in a much lower sentence (slightly over 9 years) that was at the bottom of the range called for by the Sentencing Guidelines. Third, Mr. Nitchman's sentence did not exceed the 40-year statutory maximum. *See* 21 U.S.C. § 841(b)(1)(B). Fourth, there is no indication that Mr. Nitchman's waiver is "otherwise unlawful." *Hahn*, 359 F.3d at 1327. In short, we find the enforcement of Mr. Nitchman's appellate waiver would not result in a miscarriage of justice as defined by *Hahn*.

We therefore grant counsel's motion to withdraw, grant the government's motion to enforce the appeal waiver, and dismiss this appeal.

Entered for the Court
Per Curiam

4